IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLAF PETER JUDA,<br><br>            Petitioner,<br><br>   v.<br><br>RAYMOND D. ANDREWS,<br><br>            Respondent. | ) CV F 05-0037 AWI WMW HC<br>)<br>)<br>) ORDER DISREGARDING<br>) PETITIONER'S MOTION FOR<br>) SUMMARY JUDGMENT AND<br>) GRANTING PETITIONER<br>) EXTENSION OF TIME TO<br>) FILE OPPOSITION TO<br>) RESPONDENT'S MOTION TO<br>) DISMISS<br>)<br>) [Doc. 26] |

     Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. On November 20, 2006, Respondent filed a motion to dismiss. In response to that motion, Petitioner filed a motion for summary judgment.

     Petitioner is hereby informed that summary judgment is a procedural device available for prompt and expeditious disposition of a controversy which would normally be resolved through a trial. Summary judgment is a method to avoid trial when there is no dispute as to material fact. Petitioner has filed a petition for writ of habeas corpus. "[T]he writ of habeas

corpus is not a proceeding in the original criminal prosecution but an independent civil suit." <u>Riddle v. Dyche</u>, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See, e.g.* <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). Modern habeas corpus procedure has the same function as an ordinary appeal. <u>Anderson v. Butler</u>, 886 F.2d 111, 113 (5th Cir. 1989); <u>O'Neal v. McAnnich</u>, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials"(emphasis omitted)). In a habeas proceeding, the petitioner does not proceed to trial. Therefore, Petitioner's motion for summary judgment is improper. For all practical purposes, summary judgment is equivalent to the Court's making a determination on the merits of a habeas petition. As the Court will rule on the petition for writ of habeas corpus in due course, a motion for summary judgment in a habeas proceeding serves no purpose. Accordingly, the request for summary judgment will be DISREGARDED.

   Petitioner is informed that if he wishes to contest Respondent's motion to dismiss, he must do so by filing an opposition to that motion. Petitioner is HEREBY GRANTED thirty (30) days from the date of service of this order within which to file an opposition to Respondent's motion to dismiss. Respondent is granted fifteen (15) days thereafter to file a reply.

IT IS SO ORDERED.

**Dated:**   December 8, 2006            /s/  **William M. Wunderlich**
bl0dc4             UNITED STATES MAGISTRATE JUDGE