**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OLAF PETER JUDA,** | ) CV F 05-0037 AWI WMW HC )|
| Petitioner, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER GRANTING** |
| v. | ) **RESPONDENT'S MOTION TO** |
| | ) **DISMISS AND DENYING AS** |
| | ) **MOOT PETITIONER'S** |
| **RAYMOND D. ANDREWS,** | ) **MOTION FOR RELEASE OF** |
| | ) **DOCUMENTS** |
| Respondent. | ) |
| _____ | ) [Doc. 21, 24] |

Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case proceeds on Petitioner's second amended petition filed April 5, 2006. Pending before the court is Respondent's motion to dismiss, filed November 20, 2006. Petitioner opposes the motion.

## DISCUSSION

Petitioner raises two grounds for relief in his second amended petition. First, Petitioner contends that he is entitled to resentencing under United States v. Booker, 543 U.S. 220 (2005). Specifically, Petitioner argues that any sentence or punishment under the United States Sentencing Guidelines is void, and that any defendant who received mandatory enhancements under the guidelines is therefore "legally innocent of the enhancements."

Petitioner argues that he is not bringing a traditional Booker claim, but is bringing a claim of actual innocense.

Ignoring the issue of whether Petitioner may properly proceed by way of this Section 2241 petition, the court finds this contention to be without merit. As Respondent argues, the Ninth Circuit has held that "Booker does not apply retroactively to convictions that became final prior to its publication." United States v. Cruz, 423 F.3d 1119, 1119-20 (9th Cir. 2005). Petitioner's conviction became final on June 26, 1995, when the United States Supreme Court denied his petition for writ of certiorari. Juda v. United States, 515 U.S. 1169 (1995). Because Petitioner's conviction became final before Booker was issued in 2005, Petitioner cannot rely upon Booker to challenge his sentence. Although Petitioner attempts to recast his contention as one of actual innocence so as to support a claim under § 2241, he cannot avoid the fact that his argument is dependent upon the application of the ruling in Booker to his case. Accordingly, the court finds that this claim provides no basis for habeas corpus relief.

Second, Petitioner contends that he is legally innocent of Count 4, arson on the high seas in violation of 18 USC § 81, because the United States lacks jurisdiction to consider this a chargeable offense. Petitioner claims that jurisdiction was premised on the allegation that Petitioner owned the sailing vessel in question, and the fact that he is a United States citizen. He claims that jurisdiction was based on 18 U.S.C. § 7(1), which creates a special maritime jurisdiction over vessels owned by U.S. nationals. He argues that no factual basis exists for such maritime jurisdiction, because he never owned the sailing vessel. He also argues that the United States has misused § 7(1), because the provision was intended by Congress to be used as a shield to protect property owned by U.S. nationals, not as a sword for prosecution. Finally, Petitioner claims that the United States' claim of jurisdiction through the nationality of a person is insufficient for the United States to become the complaining party under Article III, § 2 of the Constitution. He argues that there must be another reason for claiming that the individual has committed an offense against the United States, and that no such

reason exists in this case. He claims that the United States suffered no injury by the destruction of a vessel that was not owned by the United States or protected by the United States. Finally, he states that his claim of actual innocence is based on a claim of ineffective assistance of counsel.

In response, Respondent argues that both the Northern District and the Ninth Circuit have already ruled against Petitioner on the issue of whether the district court had jurisdiction over the arson count. Further, Respondent argues that because Petitioner could and did raise the jurisdiction issue earlier in his § 2255 petitions, he is precluded from raising it in this § 2241 petition.[1]

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has

---

[1] Respondent also argues that the court should deny the petition on the ground that the matter is currently pending before the Ninth Circuit in United States v. Juda, C.A. No. 06-15386. However, that court entered an order on January 24, 2007, construing the motion for reconsideration as a petition for panel rehearing and denying it. The mandate was issued on February 1, 2007. Accordingly, this matter is no longer pending before the Ninth Circuit.

3

recognized that it is a very narrow exception. Id; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Respondent relies on Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003), in which the Ninth Circuit addresses the standard for claims of actual innocence as follows:

> We have not had occasion to decide when a claim of actual innocence entitles a petitioner who is procedurally barred from filing a second or successive motion under § 2255 to seek relief under § 2241. Our sister circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim. See Lorentsen, 223 F.3d at 954; see also Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir.2001); Wofford v. Scott, 177 F.3d 1236, 1244 & n. 3 (11th Cir.1999); In re Davenport, 147 F.3d 605, 609-11 (7th Cir.1998); Triestman v. United States, 124 F.3d 361, 363 (2d Cir.1997); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997). In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

Petitioner acknowledges that "it is theoretically true that Juda could have argued in his first § 2255 Motion that the facts showed him to be legally innocent." Hoping, however, to avoid application of the above standard, Petitioner argues that this ignores that the fact that he has no legal training.  Further, Petitioner argues that Ivy is not controlling because it ignores the earlier Ninth Circuit decision in Carriger v. Steward, 132 F.3d 463, 477 (9th Cir. 1997).

4

The court finds both of these arguments to be meritless. There is no Ninth Circuit authority providing an exception to Ivy for untrained pro se litigants. Further, Ivy provides the controlling Ninth Circuit authority in regard to whether § 2255 provides an "inadequate or ineffective" remedy so as to allow a successive petitioner to proceed under § 2241. Petitioner does not have the option of relying on an earlier case. Accordingly, the court finds that Petitioner has not carried his burden for seeking relief under § 2241 of showing that he has never had an "unobstructed procedural shot" at presenting this claim. Thus, he has not shown that § 2255 provides an "inadequate or ineffective" remedy, and he may not now raise this claim through § 2241.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED;

2) This petition for writ of habeas corpus pursuant to § 2241 is DISMISSED;

3) Petitioner's motion for release of P.S.R. and judgment and commitment documents filed August 15, 2006, is DENIED as moot;

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 28, 2007**　　　　　　　 **/s/ Anthony W. Ishii**
0m8i78　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

5