IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLAF PETER JUDA, ) | 1: 05-CV-0037 AWI WMW HC |
| Petitioner, ) | |
| ) | ORDER DENYING MOTION FOR |
| ) | RECONSIDERATION |
| v. ) | |
| ) | (Document #34) |
| RAYMOND D. ANDREWS, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**BACKGROUND**

Petitioner is a federal prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 28, 2007, the court granted Respondent's motion to dismiss and dismissed the petition for writ of habeas corpus. In dismissing the petition, the court cited to Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003), and found that relief pursuant to section 2241 was not available because Petitioner had not shown he was factually innocent and had never had an "unobstructed procedural shot" at presenting this claim.

On October 26, 2007, Petitioner filed a motion for reconsideration. Petitioner contends the court should not have followed Ivy because a free standing claim of innocence implicates a fundamental miscarriage of justice, and such an argument cannot be ignored regardless of whether it could have been raised earlier.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment based on specific grounds, such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. Clause 60(b)(6) "applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007). Clause 60(b)(6) is to be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action . . . .'" Id. (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).

**DISCUSSION**

The petition in this action contained two claims for relief. The first alleged that Petitioner is innocent of the facts used to enhance his sentence under the Federal Sentencing Guidelines. The second alleged that Petitioner is innocent of the crime of arson on the high seas. The petition was filed pursuant to 28 U.S.C. § 2241. Title 28 U.S.C. § 2255 provides the exclusive procedure by which a federal prisoner may test the legality of his detention. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). "A federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). There is one exception to this general rule. Section 2255 provides that while a court normally cannot consider a habeas corpus petition authorized under section 2255 unless it is brought in the sentencing court under section 2255, a petitioner can

1  bring a petition under section 2241 if the remedy under section 2255 is "inadequate or ineffective
2  to test the legality of his detention." 28 U.S.C. § 2255.
3     Petitioner contends that section 2241 is available to him because he is actually innocent.
4  The Ninth Circuit has held that section 2241 is available under the "escape hatch" of section
5  2255 "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an
6  'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898
7  (9th Cir. 2006) (quoting Ivy, 328 F.3d at 1060).   The court previously found that section 2241
8  was not available to Petitioner because Petitioner had an unobstructed "procedural shot" at
9  presenting his innocence claims earlier.   Petitioner's argument in this motion for
10 reconsideration is that the court's ruling, relying on Ivy and its progeny, is wrong because prior to
11 Ivy the Ninth Circuit and Supreme Court found that actual innocence is all that is required.
12    Prior to the AEDPA, there was no statutory limit on how many federal habeas corpus
13 petitions a person could file.   To stop repetitive petitions, courts employed the abuse of the writ
14 doctrine.   An exception to the abuse of the writ doctrine was created for claims of actual
15 innocence.   Pursuant to Ninth Circuit authority, a habeas petitioner's claims that would otherwise
16 be barred under abuse of writ doctrine can still be considered on the merits if the petitioner's
17 actual innocence claim implicated a fundamental miscarriage of justice.   Carriger v. Stewart, 132
18 F.3d 463, 477 (9th Cir. 1997).   Because only actual innocence is required under this exception
19 and this exception does not also require a prior "unobstructed shot" at presenting the claim,
20 Petitioner believes that Ivy improperly added this second requirement.   Petitioner argues that Ivy
21 is incorrect and the court is bound to the earlier Ninth Circuit authority and similar Supreme
22 Court law.   The problem with Petitioner's position is that Petitioner's petition was ***not***
23 dismissed under the doctrine of abuse of the writ.   Rather, Petitioner's petition was dismissed
24 because section 2241 is not available.   The court did not find that Petitioner did not fall within
25 the actual innocence exception to abuse of the writ.   The court dismissed the petition because the
26 court found Petitioner's claims do not fall within the savings clause of section 2255.   The Ninth

Circuit in <u>Ivy</u> was not discussing an exception to abuse of the writ; The Ninth Circuit was defining when a petition pursuant to section 2255 is inadequate or ineffective.  Thus, <u>Ivy</u> is not inconsistent with prior law.

Petitioner's reliance on <u>Leavitt v. Arave</u>, 383 F.3d 809 (9th Cir. 2004), is similarly unavailing even though <u>Leavitt</u> was decided after <u>Ivy</u>.  The issue in <u>Leavitt</u> was whether the claim of state prisoner proceeding with a habeas petition pursuant to 28 U.S.C. § 2254 was barred because the state prisoner had failed to comply with state procedural rules in presenting the claim to the state courts.  If the petitioner had failed to comply with the state's procedural rules, the claim was procedurally defaulted.  The Ninth Circuit in <u>Leavitt</u> discussed an exception to procedural default that is available when the failure to consider a procedurally defaulted claim will result in a fundamental miscarriage of justice. <u>Id</u>. at 838.   Because the decision in <u>Leavitt</u> concerned the fundamental miscarriage of justice exception to procedurally defaulted claims and not the escape hatch found in section 2255 to allow section 2241 petitions, <u>Leavitt</u> does not assist Petitioner.

Finally, even if this court agreed with Petitioner that <u>Ivy</u> was wrongfully decided, the court still could not give Petitioner the relief he seeks.   This court, as a District Court, is bound by Ninth Circuit precedent.  <u>Zuniga v. United Can Co.</u>, 812 F.2d 443, 450 (9th Cir. 1987); <u>United States v. Slocum</u>, 486 F.Supp.2d 1104, 1118 (C.D. 2007).   Thus, this court has no power to refuse to follow <u>Ivy</u>.

**ORDER**

Accordingly, Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   December 20, 2007**              /s/ Anthony W. Ishii
                                                              UNITED STATES DISTRICT JUDGE

4